IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE O. BROWN,                                    No. CIV S-06-1581-LKK-CMK-P

       Plaintiff,

  vs.                                             FINDINGS AND RECOMMENDATIONS

BOARD OF PRISON TERMS,
et al.,

       Defendants.

                                     /

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action along with an application for leave to proceed in forma pauperis on July 17, 2006. On August 3, 2006, the court directed plaintiff to cure a defect in his in forma pauperis application. Specifically, plaintiff was directed to submit a <u>certified</u> copy of his prison trust account statement, or pay the full filing fee, within 30 days.[1] Following apparent difficulty in obtaining the certification, on September 12, 2006, plaintiff was granted an additional 30 days to resolve the fee status for this case. Plaintiff was granted another 30-day extension of time on October 19, 2006.

---

[1] The trust account statement submitted with the original application was not certified by prison officials as required by law.

1

On November 3, 2006, plaintiff submitted another application to proceed in forma pauperis. This application was also defective in that it was not signed by plaintiff and did not contain a certified copy of plaintiff's prison trust account statement. On November 13, 2006, the court issued an order advising plaintiff of the defects in his November 3, 2006, application. The court provided plaintiff another opportunity to resolve fees within 30 days. In light of plaintiff's allegations concerning difficulty in obtaining the required certification, this order was served on the warden of plaintiff's prison.

To date, plaintiff has not resolved the fee status for this case, despite having been warned in the court's orders that failure to do so could result in dismissal of the action. See Local Rule 11-110. Instead, plaintiff has appealed this court's January 10, 2007, interlocutory order denying counsel. That appeal was processed to the Ninth Circuit Court of Appeals on January 19, 2007.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

/ / /

Having considered these factors, and in light of plaintiff's failure to resolve the fee status for this case as directed, the court finds that dismissal of this action is appropriate. The court is mindful of the pending appeal which, arguably, affects this court's jurisdiction to dismiss the case. While the court does not believe that the pending appeal has any merit because plaintiff is challenging an order which cannot be appealed on an interlocutory basis, the court will recommend dismissal now but will defer submission of these findings and recommendations until after the appeal has been resolved. In the meantime, plaintiff may submit objections to the findings and recommendations. Plaintiff is advised that the court will vacate these findings and recommendations if plaintiff submits a completed in forma pauperis application, together with the required certifications and attachments, or pays the statutory filing fee within the time provided herein for objections.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 25, 2007.

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE