IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE O. BROWN,                    No. CIV S-06-1581-LKK-CMK-P

       Plaintiff,

   vs.                                              ORDER

BOARD OF PRISON TERMS,
et al.,

       Defendants.

/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the first amended complaint.[1]

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

---

[1] The first amended complaint, which was filed as of right, supercedes the original complaint.

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff's hand-written amended complaint, which is difficult to understand, appears to allege problems with prison conditions he experienced while incarcerated following a parole violation.[2] The most clear statement of a potential legal claim is found on pages eight and nine of the amended complaint where plaintiff alleges as follows:

> Plaintiff was housed under Custody John-Jane Doe #1 whom was responsible for care, custody, control, discipline, training and treatment from June 05 - Aug. 23 - 05 and was (ADA) was housed in maximum security classified as (PIM) problem inmate housed in a single man cell with no access to medical treatment, clean clothing, toilet was non-operational, denied toilet paper, and special housing under the federal injunction for access to programs as physically disabled. Plaintiff suffered psychological decomposure, lost 15-20 lbs. weight and was denied medical attention while considered a (PIM) under care of defendants . . . [sic]

Plaintiff names a number of state agencies and individuals, some of whom hold supervisory roles, as defendants. Plaintiff seeks monetary damages and injunctive relief.

/ / /

---

[2] Based on a notice of change of address filed on March 8, 2007, it appears that plaintiff is no longer incarcerated.

## II. DISCUSSION

It appears that the gravamen of plaintiff's complaint is that the conditions of his confinement were inadequate and that he was not provided medical care, in violation of the Eighth Amendment. In the interest of justice, the court will dismiss the amended complaint with leave to amend to allow plaintiff to clarify his allegations. In an effort to facilitate the amendment process, the court provides plaintiff with the following legal standards.

### A.  **Eighth Amendment Claims**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, can give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's

1  daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.
2  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

3        The requirement of deliberate indifference is less stringent in medical needs cases
4  than in other Eighth Amendment contexts because the responsibility to provide inmates with
5  medical care does not generally conflict with competing penological concerns.  See McGuckin,
6  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
7  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
8  1989).  The complete denial of medical attention may constitute deliberate indifference.  See
9  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
10  treatment, or interference with medical treatment, may also constitute deliberate indifference.
11  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also
12  demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

13      **B.**    **Immunity**

14        As mentioned above, plaintiff names a number of state agencies as defendants.
15  The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both
16  by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley
17  Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states
18  themselves, and to suits against state agencies.[3]  See Lucas v. Dep't of Corr., 66 F.3d 245, 248
19  (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

20      **C.**    **Supervisory Liability**

21        Supervisory personnel are generally not liable under § 1983 for the actions of
22  their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is
23  no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

---

25     [3]   A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782
26  (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. See id.  When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

1  Finally, plaintiff is warned that failure to file an amended complaint within the
2  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
3  1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to
4  comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
5  41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
6  Accordingly, IT IS HEREBY ORDERED that:
7  1.  Plaintiff's first amended complaint is dismissed with leave to amend; and
8  2.  Plaintiff shall file a second amended complaint within 30 days of the date
9  of service of this order.

11  DATED:  May 23, 2007.

                                        _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE